United States District Court
Southern District of Texas
**ENTERED**
August 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ANKITRACY KONGBI,** **Petitioner,** | § § § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01261** |
| **ORLANDO PEREZ, *et al.*,** **Respondents.** | § § § § | |

**ORDER**

Before the Court is the parties' Joint Status Update and Stipulation of Dismissal. (Dkt. No. 10). The parties represent that on July 28, 2026, an Immigration Judge reconsidered Petitioner's removal order and granted Petitioner asylum. (Dkt. No. 10 at 1). Respondents state that they do not intend to appeal Petitioner's asylum grant. The parties represent that Petitioner was released on July 30, 2026, based on her status as an asylee, rendering the underlying habeas petition moot. (*Id.* at 1–2).

Parties in a civil suit may generally dismiss the suit without a court order upon the filing of a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." *Id.*

Because the stipulation is signed by counsel for all parties who have appeared in this case, Petitioner's claims against Respondents were **DISMISSED WITHOUT PREJUDICE** effective upon the filing of the Joint Status Update and Stipulation of Dismissal. (Dkt. No. 10). See *Whittier v. Ocwen Loan Servicing, L.L.C.*, 128 F.4th 724, 727 (5th Cir. 2025) (citation modified) (stipulated dismissals under Rule 41(a)(1)(A)(ii) are "effective immediately and renders subsequent action by the district court superfluous with no force or effect").

The Clerk is hereby **DIRECTED** to terminate the case.

It is so **ORDERED**.

**SIGNED** on August 17, 2026.

John A. Kazen
United States District Judge